UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEVE MCMULLEN,

Plaintiff,

v.

BAC HOME LOAN SERVICING LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY, N.A.,

Defendants.

NO: CV-11-216-RMP

**ORDER GRANTING MOTION TO DISMISS**

This matter comes before the Court on the motion to dismiss, **ECF No. 5**, by Defendants BAC Home Loans Servicing, LP ("BAC Home Loans"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company, N.A. ("ReconTrust"). The Court has reviewed the filings related to the motion to dismiss and the remaining record in this case, and is now fully informed.

## BACKGROUND

According to the complaint, on June 4, 2010, Plaintiff entered into an option to purchase agreement with Jaime and Robert Bercot with respect to their residential real property (the "Property") in Spokane, Washington. ECF No. 2-1 at 34. The Bercots purchased the property on approximately March 26, 2008, and, to finance their purchase, took out a $167,632 mortgage loan. The loan was secured by a Deed of Trust that was in turn secured by their property. ECF No. 2-1 at 34. The Deed of Trust identifies the Bercots as the borrowers, Countrywide Bank, FSB ("Countrywide Bank") as the lender, LS Title of Washington as the trustee, and MERS as the beneficiary "as a nominee for Lender and Lender's successors and assigns." ECF No. 8-1 at 6.[1]

On approximately December 11, 2009, MERS assigned the beneficial interest under the deed of trust, "together with the note or notes therein described" to BAC Home Loans. ECF No. 8-1 at 14. On approximately the same day, BAC Home Loans appointed ReconTrust as the successor trustee under the Deed of Trust. ECF No. 8-1 at 16.

---

[1] A district court may consider documents referenced by the complaint without converting a 12(b)(6) motion to one for summary judgment. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002).

The Bercots encountered financial difficulties and defaulted on their loan. ECF No. 2-1 at 34-35. On April 22, 2010, ReconTrust recorded a Notice of Trustee's Sale indicating that the Property would be sold pursuant to the Deed of Trust. ECF No. 8-1 at 19. The Notice alleged that the Bercots were, at that time it was executed,[2] in default under the Deed of Trust being $26,385.33 in arrears on their monthly payments and other fees and charges. ECF No. 8-1 at 20.

In May 2010, the Bercots informed Plaintiff that they could not cure the default to avoid the trustee's sale. ECF No. 2-1 at 35. On approximately June 4, 2010, the Bercots executed an "Option to Purchase" contract for the Property, granting "Highland Financial LLC, and Idaho limited liability company, referred to as Purchaser's successors and assigns, the exclusive option to purchase the real property of seller" through June 4, 2013. ECF No. 2-1 at 49-50 (Exhibit A to Plaintiff's Complaint). Plaintiff signed the option to purchase for purchaser Highland Financial as "Manager." ECF No. 2-1 at 51.

On February 2, 2011, ReconTrust recorded a second Notice of Trustee's Sale referencing a new sale date of May 6, 2011. The 2011 Notice of Trustee's

---

[2] The Notice of Trustee's Sale is dated January 8, 2010, ECF No. 8-1 at 22, even though the recording date of the document is April 22, 2010, ECF No. 8-1 at 19.

Sale indicates arrearages of nearly $38,553.11 on the Bercots' loan payment obligations. ECF No. 8-1 at 25.

Plaintiff, proceeding pro se, filed suit in Spokane County Superior Court on May 2, 2011, against Defendants. Plaintiff alleged that Defendants violated the Washington Consumer Protection Act, breached their fiduciary duties, and generally lacked authority or standing to foreclose on the Bercots' property. Defendant ReconTrust was served on May 5, 2011. ECF No. 1 at 4. ReconTrust removed the action to the Eastern District of Washington on June 6, 2011. ECF No. 1 at 1. MERS was served on May, 13, 2011. Although BAC Home Loans had not been served prior to removal, both MERS and BAC Home Loans consented to removal of the action to federal court. ECF No. 2 at 2.

On June 13, 2011, Defendants filed a motion to dismiss Plaintiff's complaint. Plaintiff has not filed any papers in opposition.

## LEGAL STANDARD

This Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and, therefore, applies Washington State substantive law and federal procedural law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion under Rule 12(b)(6), a court must construe the

pleadings in the light most favorable to the plaintiff and accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

A complaint may be dismissed for failure to state a claim where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and must be interpreted liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a liberal interpretation may not supply essential elements of the claim that were not initially pled. *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the court finds that a complaint must be dismissed because it does not state a claim for which relief may be granted, it must then decide whether to grant leave to amend. A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987) (quoting

*Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980); *see also Ricotta v. California*, 4 F.Supp.2d 961, 971-72 (S.D.Cal. 1998), *affirmed* 173 F.3d 861 (9th Cir. 1999), *cert. denied* 120 S.Ct. 157 (1999).

**DISCUSSION**

Defendants argue that Plaintiff lacks standing to bring the suit because his only connection to the property at issue is through an option to purchase of questionable authenticity. Second, Plaintiff's injunctive and declaratory relief claims are based solely on a speculation that the foreclosure proceedings are improper. Defendants further argue that Plaintiff's speculation is undermined by the recorded documents, which the Defendants submit as attached exhibits to their counsel's declaration. ECF No. 8. Therefore, Defendants maintain that Plaintiff has not alleged any facts entitling him to injunctive or declaratory relief. Finally, Defendants argue that even if Plaintiff had standing, his interest in the Property is inferior to Defendants' interest, which arises out of the Deed of Trust recorded in 2008. Defendants argue that leave to amend should not be granted.[3]

[3] Citing Local Rule 7.1(e), Defendants also argue in their reply brief, ECF No. 9, that the Court should construe Plaintiff's failure to file an opposition as his consent to the grant of Defendants' motion. While it is within the Court's discretion to consider Plaintiff's failure to timely file a responsive memorandum as consent to entry of an order adverse to Plaintiff, the Court declines to do so in light of its

Only a borrower, grantor, guarantor, or "any person who has an interest in, lien, or claim of lien against the [subject] property" has a right to restrain a trustee's sale. RCW 61.24.130(1). Furthermore, to enjoin the foreclosure and sale of real property by the trustee or a successor trustee, a person with a right to restrain the sale must: (1) give five days' notice to the trustee and the beneficiary of the time and place of the hearing on the injunction; (2) show a proper ground to restrain the sale; and (3) in the event that the Court grants a temporary restraining order or injunction, must bring their obligation under the deed of trust current by making payments to the Court during the pendency of the injunction. RCW 61.24.130(1) and (2); *see also In re Marriage of Kaseburg*, 126 Wn. App. 546, 558 (Wash. App. Div. 2, 2005) ("The [Deeds of Trust] Act provides the sole method to contest and enjoin a foreclosure sale under RCW 61.24.130(1)").

Any interest in the Property arising out of the 2010 option to purchase contract belongs to Highland Financial LLC, which is a not a party in this litigation and, as a corporation, cannot appear as a party before this Court pro se. ECF No. 2-1 at 49-51 (Exhibit A to Plaintiff's Complaint); Local Rule 83.6 (barring

---

obligation to give a pro se litigant the benefit of every doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027, n. 1 (9th Cir. 1985) (en banc).

corporations, including a limited liability corporation, from proceeding pro se). Plaintiff is not before the Court as a party with an interest in the property.

Moreover, the option contract, even if Plaintiff were to somehow demonstrate that he had been assigned Highland Financial LLC's interest, is likely unenforceable. The 2010 option to purchase was subject to the statute of frauds. RCW 64.04.010; *Pardee v. Jolly*, 163 Wn.2d 558, 566-67 (Wash. 2008). The statute of frauds requires that the grantor "acknowledge" the instrument, here the option to purchase, before a notary public or some other person authorized to take acknowledgements. RCW 64.04.020, .030, .040, .050. The option to purchase was not acknowledged by a notary or other authorized person. ECF No. 2-1 at 49-51. A written and signed, but unacknowledged, instrument is enforceable between the parties. *Ockfen v. Ockfen*, 35 Wn.2d 439, 441 (Wash. 1950) ("We have frequently held an unacknowledged deed good as between the grantor and grantee.); *Peoples Nat'l Bank of Washington v. Ostrander*, 6 Wn. App. 28, 33-34 (Wash. App. 1971) ("Thus, between the parties, whether the deed was fraudulently acknowledged or not is immaterial. The critical fact is they signed it."). However, the county has no duty to accept an unacknowledged instrument for recording, *Eggert v. Ford*, 21 Wn.2d 152 (Wash. 1944), and, indeed, there is no indication that the option to purchase was recorded. These facts, that the option to purchase

was executed in 2010 and was not recorded, raise the most insurmountable hurdle to stating a claim for relief for Plaintiff.

Washington law provides:

> A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record.

RCW 65.08.070.

"Washington's recording system was enacted to ensure that a deed recorded first in time was superior to any other conveyance and "generally, liens take precedence in order of time, the first in time being the first in right." *Seattle Motg. Co., Inc. v. Unknown Heirs of Gray*, 133 Wn. App. 479, 495 (Wash. App. Div. 2 2006) (quoting *Bank of Am. v. Wells Fargo Bank*, 126 Wash. App. 710, 714, (Wash. App. Div. 1 2005) (quoting *Hollenbeck v. City of Seattle*, 136 Wash. 508, 514 (Wash. 1925)).

Defendants in this matter, through documents referred to in Plaintiff's complaint, trace their interest in the property back to the deed of trust that was recorded on March 27, 2008. ECF No. 8-1 at 6. Therefore, under the "first in time" rule, Plaintiff's interest in the Property is inferior.

The Court finds that Plaintiff does not state a claim for restraint of the trustee's sale under RCW 61.24.130(1). Therefore, the Court grants the Defendants' motion to dismiss. *See Moss*, 572 F.3d at 969.

1. Defendants' Motion to Dismiss, **ECF No. 5**, is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6).
2. This action is **DISMISSED WITH PREJUDICE** and **without costs** as to any party.
3. Any other pending motions are **DENIED AS MOOT.**
4. Any court hearings are hereby **STRICKEN**.

The District Court Executive is directed to enter this Order, provide copies to Plaintiffs and counsel, enter judgment, and **close the file**. The District Court Executive is further directed to **amend the caption** in this matter to reflect that "BAC Home Loans Servicing, LP" is a Defendant herein, rather than "BAC Home Loan Servicing, LP."

**IT IS SO ORDERED.**

**DATED** this 6th day of September, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge